## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS HOLMES,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2024** |
| **Defendants** | : | **No. 240203265** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant City of Philadelphia, timely removes this action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

1.      On July 3, 2024, Plaintiffs initiated this action by Complaint in the Court of Common Pleas in Philadelphia, February Term, 2024; No. 240203265. (Exhibit "A.")

2.      In all Counts I through V of the Complaint, the plaintiff seeks relief against the petitioner pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights protected by the Constitution of the United States. (Id.)

3.      28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

4.      The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

5.      True and correct copies of this Notice of Removal with accompanying exhibits and

separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "B," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

6.      In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

7.      All named Defendants consent to the removal of this action. See 28 U.S.C. 1446(b)(2)(A).

WHEREFORE, Defendant City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Date:  August 1, 2024                              Respectfully submitted,

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law
Department 1515 Arch Street, 14th
Floor Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **THOMAS HOLMES,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2024** |
| **Defendants** | : | **No. 240203265** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

---

## NOTICE OF FILING OF REMOVAL

TO:   BRIAN ZEIGER
      1500 JFK BLVD, SUITE 620
      PHILADELPHIA PA 19102
      zeiger@levinzeiger.com

PLEASE TAKE NOTICE THAT on August 1, 2024 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

/s/ Irene Lu
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS HOLMES,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2024** |
| **Defendants** | : | **No. 240203265** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Irene Lu, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal will be served upon the following by email:

TO:   BRIAN ZEIGER
      1500 JFK BLVD, SUITE 620
      PHILADELPHIA PA 19102
      zeiger@levinzeiger.com

Date:  August 1, 2024                         */s/ Irene Lu*
                                              Irene Lu
                                              Assistant City Solicitor
                                              Pa. Attorney ID No. 318310
                                              City of Philadelphia Law Department
                                              1515 Arch Street, 14th Floor
                                              Philadelphia, PA 19102
                                              (215) 683-2971 (phone)
                                              (215) 683-5397 (fax)
                                              Irene.Lu@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS HOLMES,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | Formerly |
| | : | |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2024** |
| **Defendants** | : | **No. 240203265** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

To: **Prothonotary**
     **Court of Common Pleas of Philadelphia County**

Pursuant to 28 U.S.C. § 1446(d), defendant City of Philadelphia file with this Court a copy of the Notice of Removal as filed in the United States District Court for the Eastern District of Pennsylvania on October 6, 2021.

A true copy of defendant's Notice of Removal, as filed with the United States District Court for the Eastern District of Pennsylvania, is attached hereto.

Respectfully submitted,

Date:  August 1, 2024

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

**Exhibit "A"**

**LEVIN & ZEIGER LLP**
BY: BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
(215) 825-5183
zeiger@levinzeiger.com

ATTORNEY FOR PLAINTIFF



Filed and Attested by the
Office of Judicial Records
03 JUL 2024 02:54 pm
G. IMPERATO

|  |  |  |
|---|---|---|
| THOMAS HOLMES | : | COURT OF COMMON PLEAS |
| Plaintiff, | : |  |
|  | : | PHILADELPHIA COUNTY |
|  | : |  |
| v. | : | FEBRUARY TERM, 2024 |
|  | : |  |
| THE CITY OF PHILADELPHIA | : | NO.: 3265 |
| Defendants. | : |  |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defend¬erse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o noti¬ficación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes a usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA¬MENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E Información Legal<br>1101 Market Street, 11th Floor<br>Filadelfia, Pennsylvania 19107<br>(215) 238-1701 |

LEVIN & ZEIGER LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

Case ID: 240203265

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Thomas Holmes | : | |
| 1500 JFK Blvd, Suite 620 | : | |
| Philadelphia, PA 19102 | : | TRIAL BY JURY DEMAND |
| | : | |
| Plaintiff. | : | CIVIL ACTION |
| | : | |
| v. | : | (Philadelphia CCP Docket #: |
| City of Philadelphia | : | February Term, 2024, No.: 3265) |
| C/O Law Department | : | |
| One Parkway, 15th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| Michael Spicer | : | |
| C/O Law Department | : | |
| One Parkway, 15th Floor | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
| | : | |
| and | : | |
| | : | |
| John Doe | : | |
| Badge No. unknown | : | |
| C/O Law Department | : | |
| One Parkway, 15th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff by and through his attorney Brian J. Zeiger, Esquire, hereby alleges the

following:

## JURISDICTION & VENUE

1.    Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has

2

Case ID: 240203265

jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2.      Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3.      At all times relevant hereto the Plaintiff Thomas Holmes is an adult resident of Pennsylvania who has a business mailing address of 1500 JFK Blvd, Suite 620, Philadelphia, PA 19102.

4.      Officer Sergeant Michael Spicer is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Spicer is being sued in both his individual and official capacity.

5.      Officer John Doe, Badge No. unknown, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Doe is being sued in both his individual and official capacity.

6.      At all times material hereto, the defendant police officers acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the City of Philadelphia through its police department.

7.      The City of Philadelphia is a municipal government agency organized under the laws of the Commonwealth of Pennsylvania with a principal and central office of business located at 1515 Arch Street, Philadelphia, PA 19102.

**FACTUAL BACKGROUND**

8.      On or about April 8, 2016, Plaintiff was wrongfully detained and arrested by the individual Defendants at or near 1200 E Venango Street, Philadelphia, PA.

3

Case ID: 240203265

9.     Defendant Spicer falsely identified Plaintiff as being a part of a criminal episode to the other officers in the area.

10.     Defendant Spicer never observed Plaintiff involved in any criminal episode.

11.     Defendant Spicer had Plaintiff falsely arrested for conspiracy, carjacking, gun possession, and related charges.

12.     Defendant Spicer gave a bogus statement related to the criminal incident.

13.     Defendant Spicer made a bogus identification.

14.     Further, based on information and belief, the victim of the carjacking, Kelsey Epps, was coerced by Defendant Spicer to falsely identify Plaintiff as being part of the above-mentioned criminal acts.

15.     Further, a firearm was recovered in the matter that was intentionally never submitted for fingerprints or DNA analysis because Defendant Spicer knew Plaintiff's fingerprints and DNA would not come back on the firearm.

16.     Plaintiff was falsely convicted of crimes as a result of the above-mentioned falsehoods by Defendant Spicer.

17.     Plaintiff spent numerous years in jail.

18.     Plaintiff's criminal conviction was overturned and dismissed on January 17, 2023.

19.     Accordingly, the criminal litigation resulted in Plaintiff's favor.

20.     Defendant City of Philadelphia has known about Defendant Spicer's illicit activities for years and has done nothing to remove him as a Philadelphia Police Officer.

21.     Hundreds of cases handled by Defendant Spicer have been overturned due to his falsehoods.

4

Case ID: 240203265

**COUNT I -**

**VIOLATION OF 42 U.S.C. § 1983**

22.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

23.     Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

24.     Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiff of his rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from illegal seizure.

25.     Defendants also violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution by holding him in custody with no authority to do so.

26.     On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiff. Defendants' actions as stated herein denied Plaintiff's rights in violation of the United States Constitution and 42 U.S.C. § 1983.

27.     Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay

LEVIN & ZEIGER LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

Case ID: 240203265

damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT II -
## UNCONSTITUTIONAL SEIZURE OF PERSON UNDER 42 U.S.C. § 1983

28.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this
Complaint and incorporates them herein by reference as if the same were set forth at length.

29.    Plaintiff did not commit any criminal offense on the date in question.

30.    Defendants did not have any probable cause to believe the Plaintiff committed any
criminal offense.

31.    No reasonable police officer would believe probable cause existed to arrest the
Plaintiff.

32.    The Defendants intentionally, maliciously, and falsely arrested the Plaintiff with
reckless disregard for Plaintiff's constitutional rights.

33.    The false arrest and illegal seizure of the Plaintiff was a violation of his Fourth
Amendment rights under the United States Constitution.

34.    Defendants acted in concert and conspiracy with each other to deprive the Plaintiff of
his liberty.

35.    As a direct result of Defendants' intentional and malicious conduct, Plaintiff was
seized and held on false criminal charges and suffered associated deprivations of liberty.

36.    As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious
mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss
of the enjoyment of life all to his great detriment and loss.

6

Case ID: 240203265

37.    As a direct and proximate result of the aforementioned act and conduct of the defendants, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

**COUNT III -**

**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

38.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

39.    Defendants caused Plaintiff to be charged with crimes he did not commit.

40.    The criminal charges against Plaintiff were dismissed and the case terminated in the Plaintiff's favor.

41.    Defendants initiated criminal charges against Plaintiff without probable cause.

42.    Defendants knew no probable cause existed but intentionally and maliciously pursued false charges against Plaintiff.

43.    Defendants caused Plaintiff to be prosecuted for a purpose other than seeking justice.

44.    Defendants made false assertions in order to legitimize the false arrest of Plaintiff and to support their intentional malicious prosecution of Plaintiff.

45.    As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty in

7

Case ID: 240203265

violation of the Fourth Amendment to the United States Constitution.

46.    As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to his great detriment and loss.

47.    As a direct and proximate result of the aforementioned act and conduct of the defendants, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.


**COUNT IV -**
**CONSPIRACY UNDER 42 U.S.C. § 1983**


48.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

49.    The Defendants in this matter conspired to deprive the Plaintiff of his constitutional rights.

50.    The Defendants took overt steps in furtherance of the conspiracy to falsely arrest and maliciously prosecute the Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an

LEVIN & ZEIGER LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

Case ID: 240203265

amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay

damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT V –
## MONELL CLAIM UNDER 42 U.S.C. § 1983

51.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this

Complaint and incorporates them herein by reference as if the same were set forth at length.

52.    Defendant City of Philadelphia, through its police department, established, knew of,

and acquiesced to policies, procedures, and customs that Defendants knew or should have known

would lead to violations of citizens' constitutional rights.

53.    Defendant City of Philadelphia, through its police department, acted with deliberate

indifference to the consequences when establishing and enforcing inadequate policies,

procedures, and customs.

54.    The Plaintiff believes and therefore avers that the Defendant City of Philadelphia, has

adopted and maintained for many years, a recognized and accepted policy, custom and/or

practice of systematically failing to properly train, investigate, supervise and discipline its

employees, including the individual Defendants, regarding individuals' rights under the Fourth

Amendment of the Constitution of the United States.

55.    Defendant City of Philadelphia, knew or should have known that its employees engaged

in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like

Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or

limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent

to, the aforementioned unconstitutional conduct and policy.

9

Case ID: 240203265

56.   By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

57.   The Defendant City of Philadelphia knew of Defendant Spicer's malfeasance for many years before the instant matter, yet they failed to remove him from the Philadelphia Police force.

58.   The conduct of Defendant City of Philadelphia and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

Respectfully submitted,


/s Brian J. Zeiger
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
123 S. Broad Street, Suite 1200
Philadelphia, Pennsylvania 19109
215.825.5183

10

Case ID: 240203265

**Exhibit "B"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS HOLMES,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | Formerly |
| | : | **Court of Common Pleas** |
| | : | **Trial Division—Civil** |
| | : | **February Term, 2024** |
| **Defendants** | : | **No. 240203265** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

To: **Prothonotary**
  **Court of Common Pleas of Philadelphia County**

Pursuant to 28 U.S.C. § 1446(d), defendant City of Philadelphia files with this Court a copy of the Notice of Removal as filed in the United States District Court for the Eastern District of Pennsylvania on August 1, 2024.

A true copy of defendant's Notice of Removal, as filed with the United States District Court for the Eastern District of Pennsylvania, is attached hereto.

Respectfully submitted,

Date:  August 1, 2024

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THOMAS HOLMES

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

BRIAN ZEIGER, ZEIGER & LEVIN
1500 JFK BLVD STE 620, PHILADELPHIA PA 19102

## DEFENDANTS

CITY OF PHILADELPHIA, ET AL.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

IRENE LU, CITY OF PHILADELPHIA LAW DEPARTMENT
1515 ARCH ST, 14TH FL, PHILADELPHIA PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. SECTION 1983

Brief description of cause:
ALLEGED VIOLATION OF CONSTITUTIONAL RIGHTS

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
8/1/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ IRENE LU

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o BRIAN ZEIGER, 1500 JFK BLVD STE 620, PHILADELPHIA PA 19102

Address of Defendant: c/o IRENE LU, 1515 ARCH STREET 14TH FL, PHILADELPHIA PA 19102

Place of Accident, Incident or Transaction: PHILADELPHIA, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/1/24          /s/ IRENE LU          318310
                      *Must sign here*
                      *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, IRENE LU                              , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 8/1/24          /s/ IRENE LU          318310
                      *if applicable*
                      *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**THOMAS HOLMES,**                                    **Civil Action**

**v.**

**CITY OF PHILADELPHIA, et al.**          :          Formerly

                                                      :          **Court of Common Pleas**
                                                      :          **Trial Division—Civil**
                                                                 **February Term, 2024**
                                                                 **No. 240203265**
                                  **CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                      (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                              (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                       (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.            ( **X** )


8/1/24            Irene Lu, Esq.                    City of Philadelphia, et al.
Date              Attorney-at-law                   _____
                                                   Attorney for Defendants


(215) 683-2971    (215) 683-5397                   irene.lu@phila.gov
_____      _____             _____
Telephone         FAX Number                       E-mail Address


(Civ. 660) 10/02